UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GENESIS HILL, | : |
| | : |
|       Plaintiff, | :   Case No. 1:23-cv-406 |
| | : |
| v. | :   Chief Judge Algenon L. Marbley |
| | :   Magistrate Judge Elizabeth P. Deavers |
| | : |
| ARAMARK CORRECTIONAL | : |
| SERVICES, *et al.*, | : |
| | : |
|       Defendants. | : |

| | |
|---|---|
| TRACY RODGERS, | : |
| | : |
|       Plaintiff, | :   Case No. 2:23-cv-2866 |
| | : |
| v. | :   Chief Judge Algenon L. Marbley |
| | :   Magistrate Judge Elizabeth P. Deavers |
| | : |
| ARAMARK CORRECTIONAL | : |
| SERVICES, *et al.*, | : |
| | : |
|       Defendants. | : |

## ORDER

Plaintiffs brought these related and substantially similar *pro se* civil rights suits pursuant to 42 U.S.C. § 1983 against multiple defendants, including Aramark Correctional Services, the Ohio Department of Rehabilitation and Correction (ODRC), ODRC officials, and Warren Correctional Institute ("WCI") employees. (*Hill*, ECF No. 8; *Rodgers*, ECF No. 5). On October 27, 2023, the Magistrate Judge issued Reports and Recommendations ("R&R") in both cases, recommending both Plaintiffs be able to proceed with some of their First and/or Eighth Amendment retaliation and/or deliberate indifference claims (and the related supplemental state-law claims), and determined precisely which Defendants the claims could proceed against based

1

on the factual variances in the Plaintiffs' complaints. (*Hill*, ECF No. 9; *Rodgers*, ECF No. 6). In both cases, the Magistrate Judge recommended that Plaintiffs could proceed with the above-mentioned claims against Defendants Jane/John Doe Aramark supervisor,[1] Ms. Woods, Mitchell-Jackson, Bullock, Williams, Macintosh, Agee, Back, Tatman, Cook, Wells, Jane Doe health-care administrator, nurse Sky, nurse Rachel Allen, and Luneke in their individual capacities. (*Hill*, ECF No. 9 at 7, 10–11; *Rodgers*, ECF No. 6 at 7, 11). The Magistrate Judge recommended the same as to the treating physician in both cases, with only a distinction in the naming of such: While both Plaintiffs initially refer to this physician as "John Doe, Doctor," (*Hill*, ECF No. 8 at 13; *Rodgers*, ECF No. 5 at 14), Plaintiff Rodgers later identifies them as Drs. William Harlan and Richard Corbett (*Rodgers*, ECF No. 5 at 14), so the R&Rs reflect as much. (*See e.g.*, *Hill*, ECF No. 9 at 6 n.4; *Rodgers*, ECF No. 6 at 6). The Magistrate Judge also recommended claims against some Defendants proceed in one case but not the other, allowing: (1) those against Sgt. Maggard in *Hill* but not in *Rodgers*, as Plaintiff Hill alleges he informed Sgt. Maggard how sick he was yet Sgt. Maggard provided no assistance (*Hill*, ECF No. 8 at 9; *Hill*, ECF No. 9 at 4); and (2) those against Epperson and Farmer in *Rodgers* but not in *Hill*, as Plaintiff Rodgers alleges those Defendants disregard their requests for medical attention (*Rodgers*, ECF No. 5 at 15; *Rodgers*, ECF No. 6 at 6). Aside from these, the Magistrate Judge recommends the rest of the claims against the rest of the individual Defendants in each case be dismissed for failure to state a claim upon which relief can be granted, (*Hill*, ECF No. 9 at 8–9; *Rodgers*, ECF No. 6 at 9), and that the complaint be dismissed as to both ODRC and Aramark for lack of institutional liability, (*Hill*, ECF No. 9 at 9–10; *Rodgers*, ECF No. 6 at 9–11).

---

[1] This Court finds no meaningful distinction between the R&R's use of "Jane/John Doe Aramark supervisor" and "Ms. Woods" in *Rodgers* (*Rodgers*, ECF No. 6 at 7) versus "John/Jane Doe Aramark supervisor" and "Woods" and *Hill* (*Hill*, ECF No. 9 at 7), so this Court opts for the former of each in line with Plaintiffs' complaints.

Additionally, the Magistrate Judge concluded that this Court should: (1) decline to exercise supplemental jurisdiction over any state-law claims against the dismissed defendants; and (2) dismiss any such claims without prejudice. (*Hill*, ECF No. 9 at 11; *Rodgers*, ECF No. 6 at 11 (both citing *Maze v. Ironton Police Dep't,* No. 1:20-cv-402, 2020 WL 3605865, at *5 (S.D. Ohio July 2, 2020) (Report and Recommendation), *adopted*, No. 1:20-cv- 402, 2020 WL 5094843 (S.D. Ohio Aug. 28, 2020)). Lastly, the Magistrate Judge requested that this Court deny either Plaintiff leave to appeal *in forma pauperis* as an appeal of any order adopting this R&R would not be taken in good faith. (*Hill*, ECF No. 9 at 11; *Rodgers*, ECF No. 6 at 11–12 (both citing *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)). Plaintiff was advised of his right to object to the R&R within fourteen days and of the rights he would waive by failing to do so. (*Hill*, ECF No. 9 at 11–12; *Rodgers*, ECF No. 6 at 12).

This Court has reviewed the R&Rs. No objections have been filed in either *Hill* or *Rodgers*, and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired. Finding the R&Rs to be correct in fact and law, this Court hereby **ADOPTS** the R&Rs (*Hill*, ECF No. 9; *Rodgers*, ECF No. 6).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 15, 2024**

3