IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRACY RODGERS,**

    **Plaintiff,**

v.

                    **Civil Action 2:23-cv-2866**
                    **Judge Algenon L. Marbley**
                    **Magistrate Judge Elizabeth P. Deavers**

**ARAMARK CORRECTIONAL
SERVICES,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding *pro se*, was granted leave to proceed *in forma pauperis* on October 27, 2023. (ECF No. 4.) By Order dated April 15, 2024, the Court completed the initial screening of Plaintiff's Complaint as required under the Prison Litigation Reform Act of 1995 (PLRA). (ECF No. 6.) On July 25, 2024, Defendants David Agee, C.O. Epperson, Richard Corbett, William Harlan, Lt. Tatman, Sky, Unit Manager Williams, and Interested Party State of Ohio filed a Motion to Dismiss. (ECF No. 24.) The certificate of service attached to the motion reflected that a copy was served on Plaintiff at his Trumbull Correctional Institution ("Trumbull") address. (*Id.*) Further, the Court's docket reflects that notice of that filing was mailed to Plaintiff at that same address. The Court's docket does not indicate that the notice of filing was returned to the Court as undeliverable. Plaintiff has not filed a response nor requested an extension of time to do so. Accordingly, by Order dated December 13, 2024, the Court directed Plaintiff to show cause as to why it should not treat the Motion to Dismiss as unopposed or dismiss this case for want of prosecution. (ECF No. 25.) Plaintiff has not responded to the Show Cause Order.

Some further background is necessary. This case is one of six related cases filed by several inmates, four of whom currently are incarcerated at the Chillicothe Correctional Institution, Plaintiff who is incarcerated at Trumbull, and another Plaintiff currently incarcerated at the Warren Correctional Institution ("WCI"). These cases all arise from an incident that occurred on November 27, 2021, when these same inmates were incarcerated at WCI. The operative complaints in these cases, while not strictly identical, generally contain the same allegations. Briefly, each Plaintiff alleges that an Aramark employee served food removed from a trash can to inmates in plaintiffs' housing unit and plaintiffs experienced minor short term gastrointestinal issues in the following days.

Similar to the other Plaintiffs, Plaintiff here names 29 defendants[1] and asserts a variety of claims. Specifically, Plaintiff names as Defendants Aramark Correctional Services, Jane/John Doe "Aramark Supervisor," and Jane Doe known as "Ms. Woods," (collectively, "the Aramark Defendants"). Plaintiff also names as Defendants the Ohio Department of Rehabilitation and Correction ("ODRC"), and numerous ODRC employees, including Wanza Mitchell-Jackson, Isaac Bullock, Sgt. Maggard, Unit Manager Williams, Unit Manager Macintosh, Case Manager Kearns, Captain David Agee, Captain Back, Lt. Tatman, Lt. Saunders, C.O. Cook, C.O. Wells, C.O. Ms. S., Ms. Morris, Jane Doe Health Care Administrator, Nurse Practitioner Sky, Nurse Practitioner Rachel, Dr. William Harlan, Dr. Richard Corbett, C.O. Penunzio, Deputy Warden Luneke, C.O. Moody, Aramark Worker Ms. Moody, C.O. Epperson, and C.O. Farmer (collectively, "the ODRC Defendants"). (ECF No. 5.)

---

[1] Aside from certain Aramark Defendants, Plaintiffs essentially name as Defendants any ODRC employee with whom they came into contact between November 27, 2021 and January 10, 2022.

In a Report and Recommendation issued on October 27, 2023, the Court recommended that Plaintiff's claims be dismissed with the exception of his claims against two of the Aramark Defendants, Jane/John Doe Aramark supervisor and Ms. Woods, and the following ODRC employees, Mitchell-Jackson, Bullock, Williams, Macintosh, Agee, Back, Tatman, Cook, Wells, Jane Doe health-care administrator, nurse Sky, nurse Rachel Allen, Dr. Harlan, Dr. Corbett, Luneke, Epperson, and Farmer in their individual capacities.  (ECF No. 6.)  Plaintiff did not file objections and the Report and Recommendation was adopted in its entirety by Order dated April 15, 2024.  (ECF No. 8.)

In the intervening months, service has been completed on only seven of the remaining ODRC Defendants.  In an Order noting Plaintiff's ongoing service issues, the Court specifically advised Plaintiff of his obligation under Fed.R.Civ.P. 4(m) and that his failure to complete service within 90 days could result in the recommendation of dismissal of his claims against any unserved Defendants pursuant to that Rule.  (ECF No. 9.)  Despite being put on notice by the Court of the potential for dismissal, Plaintiff has not completed service on the two remaining Aramark Defendants or certain ODRC Defendants, including Mitchell-Jackson, Bullock, Macintosh, Back, Cook, Wells, Jane Doe health-care administrator, nurse Rachel Allen, Luneke, or Farmer.

In short, the Court's docket confirms that, since initiating this action on September 6, 2023, Plaintiff has not actively participated in the prosecution of this case in any way.  Under this documented circumstance, the Court **RECOMMENDS** the following:

- That Plaintiff's claims against the moving Defendants be **DISMISSSED with prejudice** pursuant to Federal Rule of Civil Procedure Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  See Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.*

3

*Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

On December 13, 2024, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders could result in a recommendation that this action be dismissed for failure to prosecute. (ECF No. 25.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

- That the Motion to Dismiss (ECF No. 24) be **DENIED** as moot.

- That Plaintiff's claims against the unserved Defendants be **DISMISSED without prejudice** pursuant to Rule 4(m) for failure to timely effect service of process.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert*

4

*v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

       **IT IS SO ORDERED.**

**Date: January 14, 2025**　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**